IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CASEY LEE TILLISON, | § | |
| TDCJ No. 1973717, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:21-cv-789-X-BN |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Casey Lee Tillison was ultimately convicted in Ellis County of aggravated sexual assault of a child. *See State v. Tillison*, No. 36116CR (40th Dist. Ct., Ellis Cnty.); Dkt. No. 3 at 2. Initially,

> "[t]he trial court deferred an adjudication of guilt and placed Tillison on community supervision for 10 years. Two years later, the State filed a motion to proceed with an adjudication of Tillison's guilt. After a hearing, the trial court found Tillison had violated three conditions of his community supervision, adjudicated Tillison guilty, and sentenced Tillison to 65 years in prison."

*Tillison v. State*, No. 10-14-00403-CR, 2015 WL 4064676, at *1 (Tex. App. – Waco July 2, 2015, pet. ref'd).

In 2015, an intermediate state court of appeals affirmed the revocation of Tillison's community supervision, his adjudication of guilt, and (as modified) his sentence, *see generally id.*; Dkt. No. 3 at 3, and the Texas Court of Criminal Appeals (the CCA) refused his petition for discretionary review (PDR), *see Tillison v. State*, PD-0853-15 (Tex. Crim. App. Dec. 16, 2015); Dkt. No. 3 at 3.

He did not petition the United States Supreme Court for a writ of certiorari. *See* Dkt. No. 3 at 3. And he did not pursue state habeas relief until 2019. *See* Dkt. No. 3 at 3-4; *Ex parte Tillison*, WR-89,521-01, -02 (Tex. Crim. App.).

Proceeding *pro se*, he has now filed his first application for a writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 3.

United States District Judge Brantley Starr referred the Section 2254 petition to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. After examining the petition, the Court entered an order questioning whether it was timely, setting out the above chronology, but offering Tillison an opportunity to respond through verified answers to the Court's interrogatories. *See* Dkt. No. 6. He responded. *See* Dkt. No. 7. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas petition with prejudice as time barred under Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rule 4).

## Legal Standards

Under Habeas Rule 4, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under [Habeas] Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on

the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes).

And the Court may exercise this power to summarily dismiss Tillison's application with prejudice as time barred under Habeas Rule 4.

"[E]ven though the statute of limitations provision of the [Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)] is an affirmative defense rather than jurisdictional," a district court may dismiss a time barred Section 2254 application *sua sponte* under Habeas Rule 4. *Kiser*, 163 F.3d at 329. But, "'before acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006); alteration to original). As set out above, the Court provided notice, and Tillison responded. *Cf. Ingram v. Director, TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

- 4 -

Taking the second prong first, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (citation omitted). This "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 577 U.S. at 257.[1]

But "'[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

A showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

---

[1] *See, e.g.*, *Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citation omitted)).

That is, the petitioner's new, reliable evidence must be enough to persuade the Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329).[2]

## Analysis

A state criminal judgment becomes final under AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at *1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013).

Finality of Tillison's judgment is complicated by the fact that a Texas judge initially deferred adjudicating Tillison's guilt, instead placing him on community supervision, but then adjudicated his guilt two year later, sentencing Tillison to prison. *See Tillison*, 2015 WL 4064676, at *1.

Under Texas law, "a judge may defer the adjudication of guilt of

---

[2] *See also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.' *Schlup*, 513 U.S. at 324, 327. When considering a gateway claim of actual innocence, the district court must consider all of the evidence, 'old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial.' *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks and citations omitted). 'Based on this total record, the court must make "a probabilistic determination about what reasonable, properly instructed jurors would do."' *Id.* (quoting *Schlup*, 513 U.S. at 329). 'The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors.' *Id.*" (citations modified)).

> particular defendants and place them on 'community supervision' if they plead guilty or *nolo contendere*." *Tharpe v. Thaler*, 628 F.3d 719, 722 (5th Cir. 2010) (citing Tex. Code Crim. P. art. 42.12, § 5(a)). If the defendant violates a condition of his community supervision, the court holds a hearing to determine whether it should impose a judgment of guilt. *Id.* If the court convicts the defendant, it also sentences him. *Id.* Two distinct limitations periods then apply for the filing of habeas petitions. One limitations period applies to claims relating to the deferred adjudication order, and another limitations period applies to claims relating to the adjudication of guilt. *Id.* at 724; *see also Caldwell v. Dretke*, 429 F.3d 521, 526-30 (5th Cir. 2005).

*Frey v. Stephens*, 616 F. App'x 704, 707 (5th Cir. 2015); *see also Caldwell*, 429 F.3d at 530 ("Because an order of deferred adjudication community supervision is a final judgment within the plain meaning of AEDPA section 2244, the one-year statute of limitations, for challenging substantive issues of [an order] of deferred adjudication, [begins] to run when the order deferring adjudication [becomes] final."); *Tharpe*, 628 F.3d at 724 (holding that "a habeas claim that challenges a *deferred-adjudication order* and another habeas claim that challenges *a conviction and sentence* involve two different 'judgments' for AEDPA purposes" and "in dealing with two entirely separate and distinct judgments – one a deferred-adjudication order and the other a judgment of conviction and sentence – [federal courts] are dealing with two separate and distinct limitation periods under the AEDPA" (distinguishing *Burton v. Stewart*, 549 U.S. 147 (2007))).

Some claims that Tillison now makes are aimed at the deferred-adjudication order. *See, e.g.*, Dkt. No. 3 at 6 (Ground Two: "Prior to Petitioner's plea, the state made offer of 20 years. Then, again, at the revocation of probation hearing, the state made another offer of 25 years. Trial Counsel never conveyed either of these offers to Petitioner, nor had him admonished in relation to them.").

- 7 -

But, even if the Court calculates the limitations period from the later judgment, the judgment corresponding to Tillison's conviction and sentence, his claims are still untimely.

Because Tillison did not file a petition for certiorari review, the most recent state criminal judgment became final under AEDPA on March 15, 2016 – 90 days after the CCA refused Tillison's PDR. *See Tillison v. State*, PD-0853-15 (Tex. Crim. App. Dec. 16, 2015); *Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (observing that, if a petitioner halts the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows 90 days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13.

And, "[b]ecause his state habeas petition was not filed within the one-year period" that commenced on that date, "it did not statutorily toll the limitation clock." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (in turn citing 28 U.S.C. § 2244(d)(2))); *see* Dkt. No. 3 at 4 (indicating that Tillison filed his state habeas application on January 7, 2019).

Accordingly, the Section 2254 application, filed on March 26, 2021, the date on which Tillison certifies that he placed it in the prison mailing system,[3] *see* Dkt. No. 3

---

[3] *See* RULE 3(d), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing."); *Uranga v. Davis*, 893 F.3d 282, 286 (5th Cir. 2018) ("We reaffirm that the operative date of the prison mailbox rule remains the date the pleading is delivered to prison authorities.").

at 11, was filed more than four years too late.

The application is therefore due to be denied as untimely absent statutory or equitable tolling of the limitations period or establishment of actual innocence.

In support of timeliness, Tillison argues (1) that new evidence advances him through the actual-innocence gateway; (2) that the alleged ineffective assistance of his state habeas counsel should not be held against him; and (3) that his efforts have been stymied by the COVID-19 global pandemic and his recent health problems. *See* Dkt. No. 7. The undersigned will address each in turn. But none is persuasive.

"'[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass [even if] the impediment is a procedural bar ... or ... expiration of the statute of limitations.'" *Hancock v. Davis*, 906 F.3d 387, 389 (5th Cir. 2018) (quoting *Perkins*, 569 U.S. at 386). But "a credible gateway 'claim [of actual innocence] requires [the] petitioner to support his allegations of constitutional error with new reliable evidence ... that was not presented at trial.'" *Id.* (quoting *Schlup*, 513 U.S. at 324). "Examples of 'new reliable evidence' are 'exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.'" *Fratta v. Davis*, 889 F.3d 225, 232 (5th Cir. 2018) (quoting *Schlup*, 513 U.S. at 324).

And "'[t]he habeas court must [consider] the petitioner's innocence in light of all the evidence, including that alleged to have been illegally admitted ... and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial[,' and then] must 'make a probabilistic determination about what reasonable, properly instructed jurors would do' after considering all of the evidence."

*Id.* (quoting *Schlup*, 513 U.S. at 328, 329; citation omitted).

As a result, "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Perkins*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329).

> The Supreme Court has not explicitly defined what constitutes "new reliable evidence" under the *Schlup* actual-innocence standard.... [And the Fifth Circuit] "has yet to weigh in on the circuit split concerning what constitutes 'new' evidence." *Fratta*, 889 F.3d at 232....
> [But e]vidence does not qualify as "new" under the *Schlup* actual-innocence standard if "it was always within the reach of [petitioner's] personal knowledge or reasonable investigation." *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008). Consequently, though [the Fifth Circuit has] not decided what affirmatively constitutes "new" evidence, [it has] explained what does not.

*Hancock*, 906 F.3d at 389-90 (footnote omitted and citations modified).

Tillison offers no new reliable evidence unavailable at his trial to support an allegation of constitutional error. *See* Dkt. Nos. 3, 4, & 7. And his filings in this case, *see id.*, fall well short of presenting a tenable actual-innocence gateway plea.

Tillison next argues that he hired counsel to prepare his state habeas application and "believed that also included a writ of certiorari" to explain why he did not "file the state habeas corpus until 2019[:] I was under the impression the writ of certiorari was pending due to my lack of legal understanding." Dkt. No. 7 at 2.

While "complete attorney abandonment can qualify as an extraordinary circumstance for equitable tolling purposes," *Manning v. Epps*, 688 F.3d 177, 184 n.2 (5th Cir. 2012) (citing *Maples v. Thomas*, 565 U.S. 266, 281-82 (2012)), if that

abandonment prevented a petitioner from timely filing a federal habeas application and if the petitioner was otherwise reasonably diligent, *see Jackson*, 933 F.3d at 411, Tillison has not alleged abandonment. He has instead alleged that he did not understand the law. But "[i]t is well settled ... that a petitioner's pro se status, indigence and lack of knowledge of the law, all common problems of inmates who are trying to pursue postconviction habeas relief, do not warrant equitable tolling of the limitations period." *Webster v. Stephens*, No. 4:13-cv-859-A, 2014 WL 201707, at *2 (N.D. Tex. Jan. 17, 2014) (citing *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir. 1999)).

Tillison also cites *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), to explain that he has "raised ineffective assistance of counsel claims where I was unable to previously on direct appeal, and where post-conviction counsel was ineffective and failed to raise the claims at no fault of my own." Dkt. No. 7 at 3. To excuse his untimely timing, he further argues that, "[b]ecause of the ineffectiveness of my state habeas counsel in failing to raise meritorious claims of ineffective assistance of trial counsel, I was forced to investigate and proceed on my own." This excuse also fails.

"Under *Martinez* and *Trevino*, the ineffectiveness of state habeas counsel may excuse a petitioner's procedural default 'of a single claim' – ineffective assistance of trial counsel." *Murphy v. Davis*, 732 F. App'x 249, 256-57 (5th Cir. 2018) (per curiam) (quoting *Davila v. Davis*, 137 S. Ct. 2058, 2062 (2017)); *accord Ayestas v. Davis*, 138 S. Ct. 1080, 1093-94 (2018) ("*Trevino* permits a Texas prisoner to overcome the failure

to raise a substantial ineffective-assistance claim in state court by showing that state habeas counsel was ineffective." (citing *Trevino*, 569 U.S. at 429)).

But neither decision applies "to § 2244(d)'s one-year limitations period." *Shank v. Vannoy*, No. 16-30994, 2017 WL 6029846, at *2 (5th Cir. Oct. 26, 2017) (order by Higginson, J.) (citing *Lombardo v. United States*, 860 F.3d 547, 557-58 (7th Cir. 2017); *Arthur v. Thomas*, 739 F.3d 611, 630-31 (11th Cir. 2014); *Bland v. Superintendent Greene SCI*, No. 16-3457, 2017 WL 3897066, at *1 (3d Cir. 2017)); *see also United States v. Robinson*, 762 F. App'x 571, 576-77 (10th Cir. 2019) (collecting authority and concluding that "it cannot be argued that *Martinez/Trevino* expressly addressed timeliness or tolling"); *Dickerson v. Davis*, No. 4:17-cv-71-A, 2018 WL 2431846, at *3 (N.D. Tex. May 30, 2018) ("Nor can petitioner rely on the *Martinez* line of cases to excuse his untimeliness. This line of cases addresses equitable exceptions to a procedural default. The bar to review at issue in this case arises from petitioner's failure to meet the *federal* limitations deadline under the AEDPA. Thus, the *Martinez* line of cases does not apply to the AEDPA's statute of limitations and cannot be invoked to establish eligibility for equitable tolling." (collecting cases; citation omitted)).

Finally, Tillison has not explained how the COVID-19 pandemic or any of the recent health difficulties he cites prevented him from timely seeking Section 2254 relief within one year from March 15, 2016.

The Court should therefore dismiss the Section 2254 petition with prejudice as time barred.

## Recommendation and Directions to Clerk

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss Petitioner Casey Lee Tillison's 28 U.S.C. § 2254 habeas application with prejudice. And the Court should direct that the Clerk of Court serve any order accepting or adopting this recommendation on the Texas Attorney General.

The Clerk shall serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent, directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: May 3, 2021

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE